IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02499-REB-KLM

BRENDA VAN NEWKIRK,

    Plaintiff,

v.

MILLER INTERNATIONAL, INC.,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Unopposed Motion to Dismiss Plaintiff's Third Claim for Relief** [#12][1] (the "Motion"). Plaintiff filed a Response [#15] in which Plaintiff states that she does not oppose the Motion. Defendant did not file a reply. The Court has reviewed the Motion, the Response, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below and given that the Motion is unopposed, the Court respectfully **RECOMMENDS** that the Motion [#12] be **GRANTED**.

Plaintiff initiated this action against Defendant on September 30, 2018, asserting claims for discrimination on the basis of age and wrongful termination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq. Compl.* [#1]

---

[1] "[#12]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

¶ 1.1. Plaintiff generally alleges that, despite being successfully employed by Defendant for thirty years, she received discriminatory treatment in the later stages of her employment and was ultimately terminated by Defendant due to her age. *See id.* ¶¶ 4.1-4.10. Based on Defendant's allegedly discriminatory conduct, Plaintiff asserts the following three claims: (1) discriminatory termination on the basis of age in violation of the ADEA; (2) retaliation for making complaints of age discrimination in violation of the ADEA; and (3) wrongful termination for making complaints of age discrimination in violation of public policy. *Id.* ¶¶ 5.1-5.27.

Defendant filed the instant Motion [#12] on November 26, 2018, seeking to dismiss with prejudice Plaintiff's third claim for wrongful termination in violation of public policy. Defendant argues that Plaintiff's third claim must be dismissed "because it is duplicative of her ADEA retaliation claim and the ADEA already provides its own remedy for retaliatory discharge." *Motion* [#12] at 4. Plaintiff's Response [#15] states, in its entirety:

> Plaintiff, Brenda Van Newkirk (hereinafter referred to as "Van Newkirk" or "Plaintiff"), by and through her attorneys, Andrea S. Loveless, of Loveless Law Firm, LLP, hereby submits its notice of non-opposition to the Motion to Dismiss Plaintiff's Third Claim for Relief, which was filed by Defendant Miller International, Inc. in this action on November 26, 2018 (document 12).

*Response* [#15] at 1.

As Defendant notes, "[t]he tort of wrongful discharge in violation of public policy . . . 'is grounded in the notion that an employer should be prohibited from discharging an employee with impunity for reasons that contravene widely accepted and substantial public policies.'" *Basile v. Missionary Sisters of Sacred Heart of Jesus-Stella Maris Province*, No. 11-cv-01827-REB-KMT, 2011 WL 5984752, at *2 (D. Colo. Nov. 30, 2011) (quoting *Crawford Rehabilitation Services, Inc. v. Weissman*, 938 P.2d 540, 552 (Colo.1997)).

"However, no wrongful discharge claim may lie when the statute on which it is premised already provides a remedy for discriminatory or retaliatory discharge." *Spaziani v. Jeppesen Sanderson, Inc.*, No. 14-cv-03261-REB-KMT, 2015 WL 5307971, at *3 (D. Colo. Sept. 11, 2015); *see e.g., Basile*, 2011 WL 5984752, at *2 (D. Colo. Nov. 30, 2011) (claim for wrongful discharge in violation of public policy preempted by ADEA and finding "where a statute already provides a remedy for wrongful termination, the tort is unavailable, as the courts in this district have unanimously concluded"); *Hein v. AT&T Operations, Inc.*, No. 09-cv-00291-WYD-CBS, 2010 WL 5313526, at *6 (D. Colo. Dec. 17, 2010) ("Colorado courts have expressly disallowed a wrongful discharge in violation of public policy claim where the statute provides a wrongful discharge remedy."); *Gorkin v. Vinnell Corp.*, No. 03-cv-02287-WDM-PAC, 2006 WL 517645, at *5 (D. Colo. Mar. 2, 2006) ("This court has held . . . that a claim of wrongful discharge is not available where a statute, such as Title VII, provides the employee with a remedy."); *Caspar v. Lucent Tech., Inc.*, 280 F. Supp. 2d 1246, 1249 (D. Colo. 2003) ("Given the availability of Caspar's Title VII remedies, therefore, Colorado authority indicates the wrongful discharge claim is not available."); *Krauss v. Catholic Health Initiatives Mountain Region*, 66 P.3d 195, 203 (Colo. App. 2003) (employee could not base wrongful discharge claim on the FMLA because the FMLA provided retaliatory discharge remedy).

Here, Defendant correctly observes that Plaintiff's ADEA claim for retaliation is premised on the same allegation as her state law claim for wrongful termination in violation of public policy. *See Motion* [#12] at 4. In her ADEA retaliation claim (claim two), Plaintiff alleges that Defendant retaliated against her due to her "opposition to activities prohibited by the ADEA." *Compl.* [#1] ¶ 5.16. In her claim for wrongful discharge in violation of public

policy (claim three), Plaintiff alleges that she was terminated for "asserting a legal right pursuant to the ADEA, opposing discrimination on the basis of age."  *Id.* ¶ 5.23. Accordingly, pursuant to the above authority and Plaintiff's non-opposition,

IT IS HEREBY **RECOMMENDED** that the Motion [#12] be **GRANTED** and that Plaintiff's claim for wrongful termination in violation of public policy (claim three) be **dismissed with prejudice** based on the parties' agreement.  *See Response* [#15] at 1.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  February 4, 2019

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge