**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 18-cv-2499-REB-KLM

BRENDA VAN NEWKIRK,

      Plaintiff,

v.

MILLER INTERNATIONAL, INC.,

      Defendant.

---

**ORDER GRANTING DEFENDANT MILLER
INTERNATIONAL INC.'S MOTION FOR SUMMARY JUDGMENT**

---

**Blackburn, J.**

      The matter before me is **Defendant Miller International, Inc.'s Motion for
Summary Judgment** [#35],[1] filed August 2, 2019.  I grant the motion and dismiss the
claims of the plaintiff with prejudice.

## I.  JURISDICTION

      I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal
question).

## II.  STANDARD OF REVIEW

      Summary judgment is proper when there is no genuine issue as to any material
fact and the movant is entitled to judgment as a matter of law.  **FED. R. CIV. P.** 56(a);
***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265
(1986).  A dispute is "genuine" if the issue could be resolved in favor of either party.

---

[1] "[#35]" is an example of the convention I use to refer to the docket number of a motion or order,
and will be used throughout this Order.

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586,

106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d

1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome

of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505,

2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of

a genuine fact issue.  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d

1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995).  Once the motion has

been properly supported, the burden shifts to the nonmovant to show, by tendering

depositions, affidavits, and other competent evidence, that summary judgment is not

proper.  *Concrete Works*, 36 F.3d at 1518.  All the evidence must be viewed in the light

most favorable to the party opposing the motion.  *Simms v. Oklahoma ex rel*

*Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326

(10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).  However, conclusory statements and

testimony based merely on conjecture or subjective belief are not competent summary

judgment evidence.  *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert.*

*denied*, 120 S.Ct. 334 (1999).

### III.  ANALYSIS

Plaintiff, Brenda Van Newkirk, worked as a sales representative for defendant,

Miller International, Inc. ("Miller"), for 30 years.[2]  It is undisputed that plaintiff was a good

and loyal employee.  However, beginning in 2015, Miller's sales began to decline

---

[2]  Miller's website shows the company sells Western-themed clothing, including jeans, shirts, and outerwear.

steadily, and the company began to look for ways to restructure various departments to save costs.

As part of this effort, in mid-2017, the company restructured its sales territories. Of the eleven sales positions then existing, Miller made the decision to eliminate three, including the position held by Ms. Van Newkirk. Miller asserts that Ms. Van Newkirk's territory was selected for restructuring because it was the smallest of the company's sales territories and thus the easiest to redistribute to other sales representatives in geographically adjacent areas without greatly impacting their travel requirements. Ms. Van Newkirk was notified of this decision on July 10, 2017, and terminated the following day. Her territory was redistributed to three other sales representatives, two of whom were under 40 years old. At the time of her termination, Ms. Van Newkirk was 69 years old.

In this lawsuit, Ms. Van Newkirk brings claims of discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* Construing all the facts in the light most favorable to her, however, Ms. Van Newkirk has not presented a genuine dispute of material fact suitable for determination by a jury as to either of these claims. Thus, Miller's motion for summary judgment must be granted.

With respect to Ms. Van Newkirk's discrimination claim, I will assume *arguendo* she can establish a prima facie case of age discrimination.[3] ***See Jones v. Oklahoma***

---

[3] Contrary to Ms. Van Newkirk's suggestion, there is no direct evidence of discrimination in this case. "Direct evidence is evidence, which if believed, proves the existence of a fact in issue without inference or presumption." ***Hall v. United States Department of Labor, Administrative Review Board***, 476 F.3d 847, 854 (10th Cir.2007), ***cert. denied***, 128 S.Ct. 489 (2007) (citation and internal quotation marks omitted). Direct evidence may consist of either "proof of an existing policy which itself constitutes discrimination, or oral or written statements on the part of a defendant showing a discriminatory motivation." ***Id.*** at 854-55 (internal citations and quotation marks omitted). Tenth Circuit "precedent

*City Public Schools*, 617 F.3d 1273, 1278 (10th Cir. 2010) ("This circuit has long held that plaintiffs may use the *McDonnell Douglas [Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)] three-step analysis to prove age discrimination under the ADEA.").[4]  Nevertheless, Miller has articulated a legitimate, nondiscriminatory reason for its employment decision: that Ms. Van Newkirk's position was eliminated as part of a restructuring of the sales force in an effort to save costs in an environment of steadily declining revenues.  *See, e.g.*, *DeMarco v. CooperVision, Inc.*, 369 Fed. Appx. 254, 255=56 (2nd Cir. March 12, 2010); *Thompson v. Genentech, Inc.*, 280 Fed. Appx. 613, 163 (9th Cir. May 28, 2008); *Rogers v. Board of County Commissioners of Leavenworth County, Kansas*, 2015 WL 7295448 at 5 (D. Kan. Nov. 18, 2015).  The burden of proof thus shifts back to Ms. Van Newkirk to demonstrate this explanation is pretextual.  *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1208 (10th Cir. 2013).

This she fails to do.

> Generally, [a] plaintiff demonstrates pretext by producing evidence of such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.

makes clear that evidence is not 'direct' if an inference of discrimination is required."  *Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1118 (10th Cir. 2007); *see also Danville v. Regional Lab Corp.*, 292 F.3d 1246, 1249 (10th Cir. 2002) ("Direct evidence demonstrates on its face that the employment decision was reached for discriminatory reasons."); *Hall*, 476 F.3d at 855 ("A statement that can plausibly be interpreted two different ways – one discriminatory and the other benign – does not directly reflect illegal animus, and, thus, does not constitute direct evidence.") (citation and internal quotation marks omitted).  All Ms. Van Newkirk's evidence in this matter falls into this latter category.

[4]  Although a majority of the federal circuits have so held, the Supreme Court has not had occasion to decide this question definitively.  *See  Gross v. FBL Financial Services, Inc.*, 517 U.S. 308, 311 & n.2, 129 S.Ct. 2343, 1309-10 & n.2, 174 L.Ed.2d 119 (2009)

***Sanders v. Southwestern Bell Telephone, L.P.***, 544 F.3d 1101, 1106 (10th Cir. 2008),

***cert. denied***, 130 S.Ct. 69 (2009).  Ms. Van Newkirk presents no such evidence here.

Indeed, she does not dispute that the company's revenues were in decline and

acknowledges her own sales also had dropped in the years prior to her termination.

Instead, Ms. Van Newkirk relies on certain alleged age-related comments she

claims were made to her by Miller's Chief Executive Officer, Patty Sorg.[5]  Specifically,

Ms. Van Newkirk alleges that during half a dozen team meetings from January 2013 to

January 2017,[6] Ms. Sorg mentioned that the company's Cruel brand jeans were "not

geared towards your age" and that "the older gals" did not need to wear them because

they "might not look good in them."[7]  Such ambiguous and isolated comments are

nothing more than stray remarks," which are simply insufficient to substantiate a finding

of pretext.  ***See Stone v. Autoliv ASP, Inc.***, 210 F.3d 1132, 1140 (10th Cir.), ***cert.***

***denied***, 121 S.Ct. 182 (2000); ***Cone v. Longmont United Hospital Association***, 14

---

[5]  Ms. Van Newkirk also points to alleged age-related comments made by two male sales managers.  As there is no evidence that either of these individuals had any input into the decision to terminate Ms. Van Newkirk's employment, these comments are irrelevant.  ***Wagoner v. Pfizer, Inc.***, 391 Fed. Appx. 701, 708 (10th Cir. Aug. 12, 2010) ("Age-related comments by non-decisionmakers are not material in showing the [employer's] action was based on age discrimination.") (quoting ***Cone v. Longmont United Hospital Association***, 14 F.3d 526, 531 (10th Cir. 1994)) (internal quotation marks omitted).

[6]  In her affidavit appended to the response to the motion for summary judgment, Ms. Van Newkirk states Ms. Sorg made such comments "often."  That vague reference adds no further ballast to her attempt to rely on these ambiguous comments in overcoming the motion.

[7]  It is undisputed that the company's Cruel jeans were marketed to a younger demographic.  That decision, however, says nothing about how Miller viewed its older *employees*.  ***See McNulty v. Citadel Broadcasting Co.***, 58 Fed. Appx. 556, 561-62 (3rd Cir. Feb. 26, 2003) ("[M]aking a decision to target a younger audience is not in itself age discrimination[.]").  ***See also DeLoach v. Infinity Broadcasting***, 164 F.3d 398, 401 (7th Cir. 1999); ***Bills v. Sunshine Wireless Co.***, 824 F.Supp. 60, 61 (E.D. Va.1993), ***aff'd***, 14 F.3d 593 (4th Cir. 1994).

F.3d 526, 531 (10th Cir. 1994); **Kirkpatrick v. Pfizer, Inc.**, 391 Fed. Appx. 712, 720 (10th Cir. Aug. 12, 2010).[8]

Nor were any of these comments in any way linked to Miller's restructuring decisions. To make out a case of age discrimination, a plaintiff must adduce evidence from which a reasonable jury could find "that age was a determining factor in the employer's challenged decision," that is, "that age made the difference in the employer's decision." **Greene v. Safeway Stores, Inc.**, 98 F.3d 554, 557 (10th Cir. 1996) (citations and internal quotation marks omitted). Stated differently, Ms. Van Newkirk "must demonstrate a nexus exists between these allegedly discriminatory statements and [Miller's] decision to terminate her." **Cone**, 14 F.3d at 531. These alleged comments do not meet that standard. Instead, they are simply "[i]solated comments, unrelated to the challenged action," and thus "are insufficient to show discriminatory animus" on Miller's part. **Id.**

Ms. Van Newkirk also alleges Ms. Sorg repeatedly questioned her about her plans to retire. The only concrete example she provides, however, occurred at the time of a co-worker's retirement, when Ms. Van Newkirk testified Ms. Sorg "wanted to know what my plans were" and "didn't want me to spring a surprise on her that I was going to retire." (**Def. Motion App.**, Exh. B at 92.) Despite Ms. Van Newkirk's claim that this comment was "proximate" to her termination, it actually occurred a year prior, and therefore is insufficient as a matter of law to establish pretext. **Wagoner**, 391 Fed. Appx. at 708 (passage of nine months between comments and employment decision

---

[8] If anything, these comments suggest Ms. Sorg perceived an older employee's ability to wear the company's jeans *vel non* as not pertinent to her effectiveness as a brand representative.

too "temporally remote" to support finding of pretext); ***Antonio v. Sygma Network, Inc***., 458 F.3d 1177, 1184 (10th Cir.2006) (same). Although Ms. Van Newkirk claims similar comments were made to her "shortly before" her termination, without specifics, and in light of Ms. Van Newkirk's generous interpretation of "proximate" conduct, this evidence is insufficient to overcome summary judgment.

Yet even if these comments were in fact proximate to Ms. Van Newkirk's termination, they do not evidence pretext. "[A] company has a legitimate interest in learning its employees' plans for the future, and it would be absurd to deter such inquiries by treating them as evidence of unlawful conduct." ***Wagoner***, 391 Fed. Appx. at 708 (quoting ***Colosi v. Electri-Flex Co.***, 965 F.2d 500, 502 (7th Cir. 1992)). ***See also Kirkpatrick***, 391 Fed. Appx. at 719-20. Indeed, Ms. Van Newkirk's deposition testimony confirms that Ms. Sorg's intent in inquiring as to whether Ms. Van Newkirk planned to retire was precisely this: to avoid a surprise announcement. In the context of this case, at least, these questions do not support an inference of pretext. Summary judgment therefore is appropriate as to Ms. Van Newkirk's claim of discrimination under the ADEA.

Ms. Van Newkirk's claim of retaliation fares no better. To substantiate this claim, Ms. Van Newkirk must establish "that (1) [] she engaged in a protected activity, (2) [] she suffered a material adverse action, and (3) there was a causal connection between the protected activity and the adverse action." ***Thomas v. Berry Plastics Corp***., 803 F.3d 510, 514 (10th Cir. 2015). Ms. Van Newkirk's retaliation claim fails on the very first of these essential elements.

At her deposition, Ms. Van Newkirk was asked about the allegation of her complaint that for several years prior to her termination she complained to human resources manager Liz LoSasso, *inter alia*, about comments and treatment she perceived as ageist.  Ms. Van Newkirk responded, "My main complaints with Liz LoSasso were in conjunction to a worker's comp claim that I made."  (**Def. Motion App.**, Exh. B. at 96.)  Questioned as to whether she complained specifically of age discrimination or Ms. Sorg's allegedly age-based comments, Ms. Van Newkirk responded "[w]e all knew not to complain to HR[.]"  The following exchange then ensued:

> Q.  Okay.  So you felt that you could complain to human resources about worker's compensation, but you couldn't complain about age discrimination?
>
> A.  True.
>
> Q.  And . . .
>
> A.  In general, I didn't complain.  I just did my job.
>
> . . . .
>
> A.  I probably would not have gone to human resources for anything.
>
> . . . .
>
> A.  My philosophy was keep your head down and do your business the way you could and that's what I did.
>
> . . . .
>
> Q.  If the complaints are limited to the worker's compensation claim, there wouldn't be anything in writing regarding your reporting to anyone at Miller International that you were being discriminated against on the basis of age?

A.  No, there would be nothing in writing.

Q.  Okay.  Would there be any verbal complaints to anyone at Miller International that then they could then react to with respect to any claim of discrimination?

A.  I don't believe so. . . . .  Not that I can recall.

(**Plf. Resp. App.**, Exh. 1 at 97-99.)

That admission is fatal to Ms. Van Newkirk's retaliation claim.[9]  "An employer's action against an employee cannot be because of that employee's protected opposition unless the employer knows the employee has engaged in protected opposition."  ***Petersen v. Utah Department of Corrections***, 301 F.3d 1182, 1188 (10th Cir. 2002).  "Protected opposition can range from filing formal charges to voicing informal complaints to superiors."  ***Hertz v. Luzenac America, Inc.***, 370 F.3d 1014, 1015 (10th Cir. 2004).  Logically, however, Miller could not retaliate against Ms. Van Newkirk for complaints of age discrimination she never voiced.

In an affidavit proffered in support of her response to Miller's summary judgment motion, Ms. Van Newkirk avers that she "complained to Liz Lozasso [sic], Patti Lee, and Tiffany Caldwell about feeling harassed, including the handling of my Worker's Compensation claim."  (**Plf. Resp. App.**, Exh. 2 ¶ 9 at 2.)  This testimony is insufficient

---

[9]  Ms. Van Newkirk went on to suggest she "believe[d] that my being older and having a complaint with worker's comp might have, you know, caused them to think, well, she's getting older, she's going to have more injuries, blah, blah, blah in maybe that respect . . . ."  (**Plf. Resp. App.**, Exh. 1 at 98.)  Such suppositions about what Ms. LoSasso may have inferred about Ms. Van Newkirk's age because she filed a worker's compensation claim are not sufficient to create a genuine dispute of material fact for trial.  "To survive summary judgment, nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient."  ***Murray v. City of Sapulpa***, 45 F.3d 1417, 1422 (10th Cir. 1995) (citation and internal quotation marks omitted).  ***See also Schultz v. General Electric Capital Corp.***, 37 F.3d 329, 334 (7th Cir. 1994) ("[A]n employee's own self-serving remarks standing alone are insufficient to raise doubt as to the credence of the employer's explanation for termination."), ***cert. denied***, 115 S.Ct. 2584 (1995).

to create a genuine dispute for trial by a jury for at least two reasons.  First, Ms. Van Newkirk's statement that she complained of feeling "harassed" not-so-cleverly elides any suggestion that such harassment was based on her age.  "Although no magic words or thaumaturgic incantations are required, to qualify as protected opposition the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by the [statute]."  ***Hinds v. Sprint/United Management Co.***, 523 F.3d 1187, 1203 (10th Cir. 2008).  A generalized claim of harassment, without reference to any protected characteristic, does not meet this standard.

Second, insofar as Ms. Van Newkirk now attempts to claim that she in fact did complain to Ms. LoSasso, I find her affidavit to be a sham.[10]  Although "an affidavit may not be disregarded because it conflicts with the affiant's prior sworn statements. . . . courts will disregard a contrary affidavit when they conclude that it constitutes an attempt to create a sham fact issue."  ***Franks v. Nimmo***, 796 F.2d 1230, 1237 (10th Cir. 1986).  "[T]he utility of summary judgment as a procedure . . .  would be greatly undermined if a party could create an issue of fact merely by submitting an affidavit contradicting his own prior testimony."  ***Id.***  "Factors relevant to the existence of a sham fact issue include[:]"

---

[10]  The record contains no evidence suggesting that either Patti Lee or Tiffany Caldwell were supervisors or otherwise in a position to react to Ms. Van Newkirk's complaints on behalf of Miller, or that they communicated such complaints to any such person.  ***Cf. Neiderlander v. American Video Glass Co.***, 80 Fed. Appx. 256, 260-61 (3rd Cir. Nov. 5, 2003) ("[O]pposition to discriminatory practices need not be made directly to managers in order to constitute protected activity, and [plaintiff's] complaints to her co-workers, *assuming they were communicated to management*, would be the type of opposition to discrimination that § 2000e–3(a) seeks to protect.") (emphasis added); ***Mondaine v. American Drug Stores, Inc.***, 2006 WL 626045 at *2 (D. Kan. Jan. 26, 2006) (adopting this position, although noting Tenth Circuit has not yet determined issue).  Any complaints made to them, therefore, are irrelevant.

> whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain.

*Id.*

Ms. Van Newkirk's previous testimony was given during a deposition, under oath, where her attorney was free to clarify any testimony she may have given in response to the questions of Miller's attorneys. Her testimony is not based on newly discovered evidence; whether and to whom she complained of age discrimination was a matter within Ms. Newkirk's own knowledge at the time she filed this case. Finally, these statements do not seek to clarify earlier testimony. There is no suggestion that Ms. Van Newkirk failed to understand the questions posed to her during her deposition. Indeed, her answers were unequivocal that she never complained of age discrimination to Ms. LoSasso. Her affidavit plainly attempts to contradict that testimony. It therefore is a sham and does not overcome Miller's summary judgment motion. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 973-74 (10th Cir. 2001).[11]

For these reasons, there are no genuine disputes of material fact as to either of Ms. Van Newkirk's remaining claims. Miller's motion for summary motion judgment must be granted and those claims dismissed with prejudice.

---

[11] Even if this testimony was not plainly contradictory, the failure to disclose these comments until confronted with defendant's summary judgment motion, well after the close of discovery, would justify their exclusion as well. *See Juarez v. Utah*, 263 Fed. Appx. 726, 735-36 (10th Cir. Feb. 5, 2008) (citing *Mitchael v. Intracorp, Inc.*, 179 F.3d 847, 854 (10th Cir. 1999)).

# IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Miller International, Inc.'s Motion for Summary Judgment** [#35], filed August 2, 2019, is granted;

2. That Ms. Van Newkirk's First Claim for Relief, asserting discrimination in violation of the Age Discrimination in Employment Act, and Second Claim for Relief, asserting retaliation in violation of the Age Discrimination in Employment Act, are dismissed with prejudice;

3. That judgment with prejudice shall enter on behalf of defendant, Miller International, Inc., and against plaintiff, Brenda Van Newkirk, as to Ms. Van Newkirk's First Claim for Relief, asserting discrimination in violation of the Age Discrimination in Employment Act, and Second Claim for Relief, asserting retaliation in violation of the Age Discrimination in Employment Act;

4. That judgment with prejudice shall enter as to Ms. Van Newkirk's Third Claim for Relief, asserting wrongful termination in violation of public policy, as provided in the **Order Adopting Recommendation of the United States Magistrate Judge** ¶ 4 at 2 [#32], filed March 12, 2019;

5. That the combined Final Pretrial Conference and Trial Preparation Conference scheduled for October 24, 2019, at 11:00 a.m., is vacated;

6. That the trial scheduled to commence November 12, 2019, is vacated;

7. That defendant is awarded its costs, to be taxed by the clerk in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

8.  That this case is closed.

Dated September 19, 2019, at Denver, Colorado.

BY THE COURT:

Bob Blackburn

Robert E. Blackburn
United States District Judge